## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WOODROW EDWARDS, | )    FILED: APRIL 30, 2008 |
| | )      08CV2478 NF |
| Plaintiff, | )      JUDGE PALLMEYER |
| | )      MAGISTRATE JUDGE VALDEZ |
| Vs. | ) |
| | ) |
| KUL B. SOOD, M.D.; CORRECT CARE | ) |
| SOLUTIONS, LLC. A FOREIGN | ) |
| CORPORATION; OFFICE OF THE | )    No. |
| SHERIFF OF WILL COUNTY, ILLINOIS; | ) |
| PAUL J. KAUPAS, AS SHERIFF OF WILL | ) |
| COUNTY, ILLINOIS; VARIOUS SHERIFF'S | )    Judge: |
| DEPUTIES/PERSONNEL presently known | ) |
| only as JOHN/JANE DOES; and WILL | )    Magistrate: |
| COUNTY, A BODY POLITIC, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

NOW COME the Defendants, PAUL J. KAUPAS, SHERIFF OF WILL COUNTY, and WILL COUNTY, by their attorneys QUERREY & HARROW, LTD., and represents to this court the following:

1.      That there is pending in the Law Division of the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, an action involving the above parties, case No. 08 L 234.

2.      That the Complaint is attached to this notice and incorporated by referenced as Exhibit A.

3.      That the action is a suit of civil nature.

4.      That when state law creates a cause of action, original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a

necessary element of the state claim or that the claim is really one of federal law.  Grant County Sav. & Loan Assoc. v. Arkansas Custom Homes, Inc., 689 F. Supp. 169 (E.D.Ark 1988).

5.      That several of the claims in this lawsuit, including, County III, Count VI, Count VII, Count IX, and Count XII are brought pursuant to 42 U.S.C. §1983, over which this court has original jurisdiction.

6.      Pursuant to 28 U.S.C. §1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  As plaintiff's complaint involves multiple claims under 42 U.S.C. §1983, this court has original jurisdiction over all claims.

7.      Defendants Paul J. Kaupas, Sheriff of Will County, and Will County were served with plaintiff's Complaint on April 2, 2008.  This notice is timely as it is within the thirty (30) day time period established pursuant to 28 U.S.C.S. §1446(b).

8.      That this notice will be tendered in a timely manner to the state court and all other parties who have appeared in this matter as provided by law.

9.      That a true and correct copy of the notice will be filed with the Clerk of the Circuit Court for Will County, as provided by law.

WHEREFORE, the Defendants respectfully request that the above-entitled action pending in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, Case No.: 08 L 234, be removed to this Honorable Court.

Respectfully Submitted,

PAUL J. KAUPAS, SHERIFF OF WILL COUNTY and WILL COUNTY

By: ___/s/Daniel F. Gallagher_____
                    One of Defendants' Attorneys

Daniel F. Gallagher
Paul O'Grady
David Flynn
Dominick L. Lanzito
QUERREY & HARROW, LTD.
175 W. Jackson Blvd., #1600
Chicago, IL 60604
Telephone:    312/540-7000

Document #: 1323959

08CV 2478 NF
JUDGE PALLMEYER
MAGISTRATE JUDGE VALDEZ

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

WOODROW EDWARDS,                              )
                                             )
        Plaintiff,                           )
                                             )
vs.                                          )
                                             )
KUL B. SOOD, M.D.; CORRECT CARE              )
SOLUTIONS, LLC, A FOREIGN                    )
CORPORATION; OFFICE OF THE                   )
SHERIFF OF WILL COUNTY, ILLINOIS;            )
PAUL J. KAUPAS, AS SHERIFF OF WILL           )
COUNTY, ILLINOIS; VARIOUS SHERIFF'S          )
DEPUTIES/ PERSONNEL presently known          )
only as JOHN/JANE DOES; and WILL             )
COUNTY, A BODY POLITIC,                      )
                                             )
        Defendants.                          )



## COMPLAINT AT LAW

NOW COMES the Plaintiff Woodrow Edwards by and through his attorneys Parente

& Norem, P.C., and the Law Office of Jeff Tomczak, and complaining of the Defendants,

alleges as follows:

## GENERAL ALLEGATIONS

1.      On and after 3/27/07, the Defendant Paul J. Kaupas was/is the Sheriff of

Will County, Illinois;

2.      That, on and after 3/27/07, the Defendant Will County was/is a body

politic/municipal corporation, and it is required as a matter of law to pay any civil judgment

rendered against the office of the Sheriff of Will County;

3.      That, at all times herein relevant, the Sheriff of Will County and/or Will County

did own, operate, and otherwise manage, by its/his duly appointed/hired employees/deputies,

the Will County Adult Detention Facility, situated in Joliet, Will County, Illinois;

4.      That, at all times relevant, the said Adult Detention Facility did detain/house

1

1-14-08 — 9

therein individuals charged with various crimes who were awaiting trial;

5.    That, at all times relevant, the said facility was obligated to and did provide medical services to its detainees by its agents/employees/servants Correct Care Solutions, LLC, a foreign corporation (hereinafter "CCS"), Kul B. Sood, M.D. and other presently unknown medical personnel;

6.    That on and after 3/27/07, the Plaintiff Woodrow Edwards was held by the Office of the Sheriff of Will County in its Adult Detention Facility, while he was awaiting trial on criminal charges;

7.    That, by reason of the aforesaid, the Plaintiff Woodrow Edwards was at all times herein relevant, under the exclusive care, custody and control of the named Defendants, and each of them, and he was thus wholly dependant upon said Defendants, for all of his dietary and medical needs.

## COUNT I
## (DR. SOOD/NEGLIGENCE)

1-7.    Plaintiff realleges and incorporates herein by reference paragraph 1-7 of the "General Allegations" as paragraph 1-7 of this Count I.

8.    At all times relevant, the Defendant Kul B. Sood, M.D., was a physician licensed to practice medicine, and he was practicing as such, generally in Will County, Illinois, and specifically at/in the Will County Adult Detention Facility (hereinafter, WCADF) in Joliet, Illinois.

9.    On and after 3/27/07, the Defendant, Dr. Sood received Plaintiff Woodrow Edward as a medical patient while Plaintiff was detained at WCADF.

10.    On and after 3/27/07, the Defendant Sood learned that the Plaintiff suffered from hypertension (HTN) and was or had been taking medication to control said condition.

11.    On and after 3/27/07, the Defendant Sood knew or should have known that kidney disease (renal insufficiency/failure) is a sequela of HTN.

2

12.   On or after 3/27/07, the Defendant Sood prescribed various medications for Plaintiff regarding Plaintiff's HTN, and Plaintiff complied with said orders by taking said medications.

13.   On and after 5/14/07, the Defendant Sood ordered various lab tests (Basic Metabolic Panel, "BMP"; EKG; and Urinalysis, "U/A") to monitor Plaintiff's condition of HTN and/or to ascertain the status of Plaintiff's kidney function.

14.   That, by reason of the aforesaid, it was and became the duty of the Defendant, Dr. Sood o possess and exercise that degree of knowledge, skill and care in the management of the Plaintiff's medical condition as reasonably well qualified physicians would ordinarily use in similar circumstances.

15.   That, notwithstanding his duty as aforesaid, the Defendant Sood was then and there guilty of one or more of the following negligent acts/omissions, which proximately caused injury to the Plaintiff Woodrow Edwards:

   a)   failed to timely order lab/blood tests for Plaintiff to monitor Plaintiff's HTN;

   b)   improperly medicated Plaintiff's condition of HTN;

   c)   failed to timely order lab/blood tests for Plaintiff to monitor Plaintiff's HTN;

   d)   failed to do, or cause to be done, any lab/blood tests for Plaintiff regarding his condition of HTN;

   e)   failed to order a diet for Plaintiff which was required for his condition of HTN;

   f)   failed to provide, or cause to be provided, to Plaintiff a diet as required for his condition of HTN;

   g)   was otherwise careless and negligent in his management of Plaintiff's condition of HTN.

3

16.    That, at all times relevant, by reason of his detention at WCADF, Plaintiff was wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were necessary to address/control his condition of HTN.

17.    That, by reason of the aforesaid, and as a direct and proximate result thereof, the Plaintiff Woodrow Edwards suffered Renal Failure on or about 7/2-5/07, which does and will in the future require Plaintiff to undergo dialysis, and which does and will in the future affect Plaintiff's overall condition of health.

WHEREFORE, PLAINTIFF, Woodrow Edwards demands judgment against the Defendant, Kul B. Sood, M.D., for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs.

## COUNT II
## (DR. SOOD/WILFUL & WANTON)

1-14.    Plaintiff realleges and incorporates herein by reference paragraph 1-14 of Count II.

15.    That notwithstanding his duty as aforesaid, the Defendant Sood was then and their guilty of one or more of the following acts and/or omissions exhibiting utter indifference to and/or conscious disregard of the safety of Plaintiff Woodrow Edwards:

a)    failed to properly monitor Plaintiff's condition of HTN although he knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

b)    improperly medicated Plaintiff's condition of HTN although he knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

c)    failed to timely order lab/blood tests for Plaintiff to monitor Plaintiff's HTN although he knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

4

d)      failed to do, or cause to be done, any lab/blood tests for Plaintiff
        regarding his condition of HTN although he knew or should have
        known that Plaintiff was likely to suffer Renal Insufficiency/Failure
        by reason thereof;

e)      failed to order a diet for Plaintiff which was required for his condition
        of HTN although he knew or should have known that Plaintiff was
        likely to suffer Renal Insufficiency/Failure by reason thereof;

f)      failed to provide, or cause to be provided, to Plaintiff a diet
        as required for his condition of HTN although he knew or
        should have known that Plaintiff was likely to suffer Renal
        Insufficiency/Failure by reason thereof;

g)      did otherwise exhibit an utter indifference to, and/or conscious
        disregard of, Plaintiff's safety in his management of Plaintiff's
        condition of HTN.

16.     That, at all times relevant, by reason of his detention at WCADF, Plaintiff was
wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were
necessary to address/control his condition of HTN.

17.     That, by reason of the aforesaid, and as a direct and proximate result thereof, the
Plaintiff, Woodrow Edwards suffered Renal Failure on or about 7/2-5/07, which does and will
in the future require Plaintiff to undergo dialysis, and which does and will in the future affect
Plaintiff's overall condition of health.

WHEREFORE, Plaintiff, WOODROW EDWARDS demands judgment against the
Defendant Kul. B. Sood, M.D., for an amount in excess of Fifty Thousand Dollars ($50,000.00)
plus costs.

## COUNT III
### DR. SOOD/SECTION 1983-ACTION

1-14.    Plaintiff realleges and incorporates herein by reference paragraph 1-14 of Count I as paragraph 1-14 as paragraph of this Count III.

15.    That at all times relevant, the Defendant Sood was a "person" within the meaning of 42 U.S.C. Section 1983.

16.    That, at all times relevant, the Defendant Sood was acting under color of law while performing his duties at WCADF, including the provision or failure to provide medical/dietary care to the Plaintiff, Woodrow Edwards.

17.    That notwithstanding his duty as aforesaid, the Defendant Sood was then and their guilty of one or more of the following acts and/or omission exhibiting an intentional and deliberate indifference to the safety of Plaintiff, Woodrow Edwards:

a)    failed to properly monitor Plaintiff's condition of HTN although he knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

b)    improperly medicated Plaintiff's condition of HTN although he knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

c)    failed to timely order lab/blood tests for Plaintiff to monitor Plaintiff's HTN although he knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

d)    failed to do, or cause to be done, any lab/blood tests for Plaintiff regarding his condition of HTN although he knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

e)    failed to order a diet for Plaintiff which was required for his condition of HTN, although he knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

f)     failed to provide, or cause to be provided, to Plaintiff a diet as required for his condition of HTN although he knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

g)     did otherwise exhibit an intentional/deliberate indifference to, and/or conscious disregard of Plaintiff's safety in his management of Plaintiff's condition of HTN.

18.     That, at all times relevant, by reason of his detention at WCADF, Plaintiff was wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were necessary to address/control his condition of HTN.

19.     That by reason of the aforesaid, and as a direct and proximate result thereof, the Plaintiff, Woodrow Edwards suffered Renal Failure on or about 7/2-5/07, which does and will in the future require Plaintiff to undergo dialysis, and which does and will in the future affect Plaintiff's overall condition of health.

20.     At all times relevant, the Defendant Sood did in the respects alleged above violate Plaintiff's rights under the Fourteenth and Eighth amendments to the U.S. constitution.

WHEREFORE, Plaintiff, WOODROW EDWARDS demands judgment against the Defendant Kul. B. Sood, M.D., for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs.

## COUNT IV
## (CORRECT CARE SOLUTIONS/NEGLIGENCE

1-8.     Plaintiff Woodrow Edwards realleges and incorporates herein by reference paragraph 1-8 of Count I as paragraph 1-8 of this Count IV.

9.     That, at all times relevant, to Defendant SOOD was an agent, servant, and/or employee of the Defendant Correct Care Solutions (hereinafter "CCS"), and Dr. Sood was at all times acting within the scope of his authority as an agent, servant, and/or employee of the Defendant CCS in provision of medical and dietary care to Plaintiff, Woodrow Edwards.

7

10.     That, at all times relevant, various nurses and other medical personnel were agents, servants, and/or employees of the Defendant CCS, and these nurses/medical personnel were at all times acting within the scope of their authority as agents, servants, and/or employees of the Defendant CCS in their provision of medical/dietary care to Plaintiff, Woodrow Edwards.

11.     On or after 3/27/07, the Defendant CCS received Plaintiff Woodrow Edwards as a medical patient while Plaintiff was detained at WCADF.

12.     On and after, 3/27/07, the Defendant CCS learned that Plaintiff suffered from hypertension (HTN) and was or had been taking medication to control said condition.

13.     On and after 3/27/07, the Defendant CCS knew or should have known that kidney disease (renal insufficiency/failure) is a sequela of HTN.

14.     On or after 3/27/07, the Defendant CCS prescribed various medications for Plaintiff regarding Plaintiff's HTN, and Plaintiff complied with said orders by taking said medications.

15.     On or after 5/14/07, the Defendant CCS ordered various lab tests (Basic Metabolic Panel, "BMP"; EKG; and Urinalysis, "u/a") to monitor Plaintiff's condition of HTN and/or to ascertain the status of Plaintiff's kidney function.

16.     That, by reason of the aforesaid, it was and became the duty of the Defendant CCS to possess and exercise that degree of knowledge, skill and care in the management of Plaintiff's medical condition as reasonable well qualified medical providers would ordinarily use in similar circumstances.

17.     That notwithstanding its duty as aforesaid, the Defendant CCS was then and their guilty of one or more of the following negligent acts/ omission, which proximately caused injury to the Plaintiff, Woodrow Edwards:

        a)      failed to properly monitor Plaintiff's condition of HTN;

        b)      improperly medicated Plaintiff's condition of HTN;

        c)      failed to timely order lab/blood tests for Plaintiff to monitor

8

Plaintiff's HTN;

d)    failed to do, or cause to be done, any lab/blood tests for Plaintiff
      regarding his condition of HTN;

e)    failed to order a diet for Plaintiff which was required for his
      condition of HTN;

f)    failed to provide, or cause to be provided, to Plaintiff a diet as
      required for his condition of HTN;

g)    was otherwise careless and negligent in its management of
      Plaintiff's condition of HTN.

18.    That, at all times relevant, by reason of his detention at WCADF, Plaintiff was
wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were
necessary to address/control his condition of HTN.

19.    That by reason of the aforesaid, and as a direct and proximate result thereof, the
Plaintiff, Woodrow Edwards suffered Renal Failure on or about 7/2-5/07, which does and will
in the future require Plaintiff to undergo dialysis, and which does and will in the future affect
Plaintiff's overall condition of health.

WHEREFORE, Plaintiff, WOODROW EDWARDS demands judgment against the
Defendant Correct Care Solutions, LLC, for an amount in excess of Fifty Thousand Dollars
($50,000.00) plus costs.

## COUNT V
## (WILLFUL & WANTON)

1-16.    Plaintiff Woodrow Edwards realleges and incorporates herein by reference
paragraph 1-16 of Count IV as paragraph 1-16 of this Count IV as paragraph 1-16 of this Count
V.

17.    That notwithstanding its duty as aforesaid, the Defendant CCS was then and their
guilty of one or more of the following acts and/or omissions, exhibiting utter indifference to

9

and/or conscious disregard of the safety of Plaintiff, Woodrow Edwards:

a)    failed to properly monitor Plaintiff's condition of HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

b)    improperly medicated Plaintiff's condition of HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

c)    failed to timely order lab/blood tests for Plaintiff to monitor Plaintiff's HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

d)    failed to do, or cause to be done, any lab/blood tests for Plaintiff regarding his condition of HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

e)    failed to order a diet for Plaintiff which was required for his condition of HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

f)    failed to provide, or cause to be provided, to Plaintiff a diet as required for his condition of HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

g)    did otherwise exhibit an utter indifference to, and/or conscious disregard of, Plaintiff's safety in its management of Plaintiff's condition of HTN.

18.    That, at all times relevant, by reason of his detention at WCADF, Plaintiff was wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were necessary to address/control his condition of HTN.

19.    That by reason of the aforesaid, and as a direct and proximate result thereof, the Plaintiff, Woodrow Edwards suffered Renal Failure on or about 7/2-5/07, which does and will in the future require Plaintiff to undergo dialysis, and which does and will in the future affect Plaintiff's overall condition of health.

WHEREFORE, Plaintiff, WOODROW EDWARDS demands judgment against the Defendant Correct Care Solutions, LLC, for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs.

### COUNT VI
### CORRECT CARE SOLUTIONS/SECTION 1983)

1-16.    Plaintiff Woodrow Edwards realleges and incorporates herein by reference paragraph 1-16 of Count IV as paragraph 1-16 of this Count VI .

17.    That at all times relevant, the Defendant CCS was a "person" within the meaning of 42 U.S.C. Section 1983.

18.    That, at all times relevant, the Defendant CCS was acting under color of law while performing its duties at WCADF, including the provision or failure to provide medical/dietary care to the Plaintiff, Woodrow Edwards.

19.    That notwithstanding its duty as aforesaid, the Defendant CCS was then and their guilty of one or more of the following acts and/or omissions, exhibiting an intentional and/or deliberate indifference to the safety of Plaintiff, Woodrow Edwards:

a)    failed to properly monitor Plaintiff's condition of HTN although it knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

b)    improperly medicated Plaintiff's condition of HTN although

11

it knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

c)    failed to timely order lab/blood tests for Plaintiff to monitor Plaintiff's HTN although it knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

d)    failed to do, or cause to be done, any lab/blood tests for Plaintiff regarding his condition of HTN although it knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

e)    failed to order a diet for Plaintiff which was required for his condition of HTN although it knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

f)    failed to provide, or cause to be provided, to Plaintiff a diet as required for his condition of HTN although it knew that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

g)    did otherwise exhibit an intentional /deliberate in its management of indifference to, and/or conscious disregard of, Plaintiff's safety in its management of Plaintiff's condition of HTN.

20.    That, at all times relevant, by reason of his detention at WCADF, Plaintiff was wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were necessary to address/control his condition of HTN.

21.    That by reason of the aforesaid, and as a direct and proximate result thereof, the Plaintiff, WOODROW EDWARDS suffered Renal Failure on or about 7/2-5/07, which does and will in the future require Plaintiff to undergo dialysis, and which does and will in the future affect Plaintiff's overall condition of health.

22.     At all times relevant, the Defendant CCS did in the respects alleged above violate Plaintiff's rights under the Fourteenth and Eighth amendments to the U.S. constitution.

WHEREOF, Plaintiff, WOODROW EDWARDS demands judgment against the Defendant Correct Care Solutions, LLC, for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs.

**COUNT VII**
**(OFFICE OF THE SHERIFF OF WILL**
**COUNTY/SHERIFF -PAULUS-NEGLIGENCE)**

1-7.     Plaintiff Woodrow Edwards realleges and incorporates herein by reference paragraph 1-7 of the "General Allegations" as paragraph 1-7 of this Count VII.

8.     That at all times relevant the Defendants-Office/Sheriff accomplished its/his said ownership, operation and/or management of the WCADF by its/his hiring, training and supervision of various deputies, officers agent, servants and/or employees.

9.     That at all times relevant, the Defendants-Sheriff/Office of the Sheriff of Will County knew through its medical personnel (see Counts I-VI, above, incorporated herein) that Plaintiff Woodrow Edwards suffered from hypertension and that kidney disease (renal insufficiency/failure) was a sequela of HTN.

10.     That at all times relevant, the Defendants-Sheriff/Office of the Sheriff of Will County knew from Plaintiff's requests that Plaintiff required a low-sodium diet as part of his management of his HTN.

11.     That at all times relevant, the Defendants-Sheriff/Office knew from its medical personnel that various lab/blood tests had been ordered as part of the medical management of Plaintiff's HTN.

12.     That notwithstanding the duty of these Defendants-Sheriff/Office to provide adequate medical care for Plaintiff, these Defendants by their medical and other personnel as aforedescribed, were guilty of one or more of the following acts/omissions which proximately caused injury to Plaintiff:

13

a)    failed to properly monitor Plaintiff's condition of HTN;

b)    improperly medicated Plaintiff's condition of HTN;

c)    failed to timely order lab/blood tests for Plaintiff to monitor
      Plaintiff's HTN;

d)    failed to do, or cause to be done, any lab/blood tests for Plaintiff
      regarding his condition of HTN;

e)    failed to order a diet for Plaintiff which was required for his
      condition of HTN;

f)    failed to provide, or cause to be provided, to Plaintiff a diet as
      required for his condition of HTN;

g)    was otherwise careless and negligent in his management
      of Plaintiff's condition of HTN.

13.    That, at all times relevant, by reason of his detention at WCADF, Plaintiff was
wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were
necessary to address/control his condition of HTN.

14.    That, by reason of the aforesaid, and as a direct and proximate result thereof, the
Plaintiff, Woodrow Edwards suffered Renal Failure on or about 7/2-5/07, which does and will
in the future require Plaintiff to undergo dialysis, and which does and will in the future affect
Plaintiff's overall condition of health.

WHEREFORE, Plaintiff, WOODROW EDWARDS demands judgment against the
Defendant Office of the Sheriff of Will County and Sheriff Paul J. Kaupas, for an amount in
excess of Fifty Thousand Dollars ($50,000.00) plus costs.

## COUNT VIII
### (OFFICE/SHERIFF/WILFUL & WANTON)

1-11.   Plaintiff Woodrow Edwards realleges and incorporates herein by reference

14

paragraph 1-11 of Count VII as paragraph 1-11 of this Count VIII.

    12.    That notwithstanding the duty of these Defendants, as aforesaid, these Defendants were then and their guilty of one or more of the following acts/omissions exhibiting utter indifference to and/or conscious disregard of the safety of Plaintiff Woodrow Edwards:

    a)    failed to properly monitor Plaintiff's condition of HTN although it/he/they knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

    b)    improperly medicated Plaintiff's condition of HTN although it/he/they knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

    c)    failed to timely order lab/blood tests for Plaintiff to monitor Plaintiff's HTN although it/he/they knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

    d)    failed to do, or cause to be done, any lab/blood tests for Plaintiff regarding his condition of HTN although it/he/they knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

    e)    failed to order a diet for Plaintiff which was required for his condition of HTN although it/he/they knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

    f)    failed to provide, or cause to be provided, a diet to Plaintiff which was required for his condition of HTN although it/he/they knew or should have known that Plaintiff was likely to suffer Renal Insufficiency /Failure by reason thereof;

15

g)    did otherwise exhibit an utter indifference to, and/or conscious
disregard of, Plaintiff's safety in its/his/their management of
Plaintiff's condition of HTN.

13.    That, at all times relevant, by reason of his detention at WCADF, Plaintiff was
wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were
necessary to address/control his condition of HTN.

14.    That, by reason of the aforesaid, and as a direct and proximate result thereof, the
Plaintiff, Woodrow Edwards suffered Renal Failure on or about 7/2-5/07, which does and will
in the future require Plaintiff to undergo dialysis, and which does and will in the future affect
Plaintiff's overall condition of health.

WHEREFORE, Plaintiff, WOODROW EDWARDS demands judgment against the
Defendants, Office of the Sheriff of Will County and Sheriff Paul J. Kaupas, for an amount in
excess of Fifty Thousand Dollars ($50,000.00) plus costs.

## COUNT IX
## (OFFICE/SHERIFF/SECTION 1983-ACTION)

1-11.    Plaintiff Woodrow Edwards realleges and incorporates herein by reference
paragraph 1-11 of Count VII as paragraph 1-11 of this Count IX.

12.    That at all times relevant, the Defendants Sheriff/Office was/were a "person"
within the meaning of 42 U.S.C. Section 1983.

13.    That, at all times relevant, the Defendants Sheriff/Office was/were acting under
color of law while operating the said WCADF, including the provision or failure to provide
medical/dietary care to the Plaintiff, Woodrow Edwards.

14.    That notwithstanding its/his/their duty as aforesaid, the said Defendants where
then and their guilty of one or more of the following acts and/or omissions exhibiting an
intentional and deliberate indifference to the safety of Plaintiff Woodrow Edwards:

a)    failed to properly monitor Plaintiff's condition of HTN although it/he/

16

they knew that Plaintiff was likely to suffer Renal Insufficiency/Failure
by reason thereof;

b)    improperly medicated Plaintiff's condition of HTN although
      it/he/they knew at Plaintiff was likely to suffer Renal Insufficiency/
      Failure by reason thereof;

c)    failed to timely order lab/blood tests for Plaintiff to monitor Plaintiff's
      HTN although it/he/they knew that Plaintiff was likely to suffer
      Renal Insufficiency/Failure by reason thereof;

d)    failed to do, or cause to be done, any lab/blood tests for Plaintiff
      regarding his condition of HTN although it/he/they knew that Plaintiff
      was likely to suffer Renal Insufficiency/Failure
      by reason thereof;

e)    failed to order a diet for Plaintiff which was required for his condition
      of HTN although it/he/they knew that Plaintiff was likely to
      suffer Renal Insufficiency/Failure by reason thereof;

f)    failed to provide, or cause to be provided, to Plaintiff a diet which
      was required for his condition of HTN although it/he/they knew that
      Plaintiff was likely to suffer Renal Insufficiency/Failure by reason
      thereof;

g)    did otherwise exhibit an intentional/deliberate indifference to,
      and/or conscious disregard of, Plaintiff's safety in its/his/their
      management of Plaintiff's condition of HTN.

15.    That, at all times relevant, by reason of his detention at WCADF, Plaintiff was
wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were
necessary to address/control his condition of HTN.

16.    That, by reason of the aforesaid, and as a direct and proximate result

17

thereof. the Plaintiff. Woodrow Edwards suffered Renal Failure on or about 7/2-5/07, which does and will in the future affect Plaintiff's overall condition of health.

17.    At all times relevant. the said Defendants did in the respects alleged above violate Plaintiff's rights under the Fourteenth and Eighth amendments to the U.S. constitution.

WHEREFORE. Plaintiff. WOODROW EDWARDS demands judgment against the Defendant's Office of the Sheriff of Will County, and Sheriff Paul J. Kaupas. for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs..

## COUNT X
## (WILL COUNTY/NEGLIGENCE)

1-7.    Plaintiff WOODROW Edwards realleges and incorporates herein by reference paragraph 1-7 of the "General Allegations" as paragraph 1-7 of this Count X.

8.    That at all times relevant. the Defendant Will County accomplished said ownership, operation and/or management of the WCADF by its hiring, training, and supervision of various deputies. officers. agents, servants, and/or employees.

9.    That at all times relevant. the Defendant Will County knew though its medical personnel (see Counts I-IV, above, incorporated herein) that Plaintiff suffered from hypertension and that kidney disease (renal insufficiency failure) was a sequela of HTN.

10.    That at all times relevant. the Defendants-Will County knew from Plaintiff's requests that Plaintiff required a low-sodium diet as part of his management of his HTN.

11.    That at all times relevant, the Defendants-Will County knew from its medical personnel that various lab/blood tests had been ordered as part of the medical management of Plaintiff's HTN.

12.    That notwithstanding the duty of Defendant Will County provide adequate medical care for Plaintiff, WOODROW EDWARDS by its medical and other personnel as aforescribed, was guilty of one or more of the following acts and/omissions which proximately caused injury to Plaintiff WOODROW EDWARDS:

18

a)      failed to properly monitor Plaintiff's condition of HTN;

b)      improperly medicated Plaintiff's condition of HTN;

c)      failed to timely order lab/blood tests for Plaintiff to monitor Plaintiff's HTN;

d)      failed to do, or cause to be done, any lab/blood tests for Plaintiff regarding his condition of HTN;

e)      failed to order a diet for Plaintiff which was required for his condition of HTN;

f)      failed to provide, or cause to be provided, to Plaintiff a diet as required for his condition of HTN;

g)      was otherwise careless and negligent in its management of Plaintiff's condition of HTN.

13.      That, at all times relevant, by reason of his detention at WCADF, Plaintiff was wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were necessary to address/control his condition of HTN.

14.      That, by reason of the aforesaid, and as a direct and proximate result thereof, the plaintiff, WOODROW Edwards suffered Renal Failure on or about 7/2-5/07, which does and will in the future require Plaintiff to undergo dialysis, and which does and will in the future affect Plaintiff's overall condition of health.

WHEREFORE, Plaintiff, WOODROW EDWARDS demands judgment against the Defendant Will County, for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs.

## COUNT XI
### WILL COUNTY/WILFUL WONTON

1-11.      Plaintiff WOODROW Edwards realleges and incorporates herein by reference paragraph 1-11 of Count X as paragraph 1-11 of this Count XI.

19

12.    That notwithstanding its duty as aforesaid, the Defendant was then and their guilty of one or more of the following acts and/or omissions exhibiting an utter indifference to and/or conscious disregard of the safety of Plaintiff WOODROW EDWARDS:

a)    failed to properly monitor Plaintiff's condition of HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

b)    improperly medicated Plaintiff's condition of HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

c)    failed to timely order lab/blood tests for Plaintiff to monitor Plaintiff's HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

d)    failed to do, or cause to be done, any lab/blood tests for Plaintiff regarding his condition of HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

e)    failed to order a diet for Plaintiff which was required for his condition of HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

f)    failed to provide, or cause to be provided, to Plaintiff a diet as required for his condition of HTN although it knew or should have known that Plaintiff was likely to suffer Renal Insufficiency/Failure by reason thereof;

g)    did otherwise exhibit an utter indifference to, and/or conscious disregard of, Plaintiff's safety in its management of Plaintiff's condition of HTN.

20

13. That, at all times relevant, by reason of his detention at WCADF, Plaintiff was wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were necessary to address/control his condition of HTN.

14. That, by reason of the aforesaid, and as a direct and proximate result thereof, the Plaintiff, WOODROW EDWARDS suffered Renal Failure on or about 7/2-5/07, which does and will in the future require Plaintiff to undergo dialysis, and which does and will in the future affect Plaintiff's overall condition of health.

WHEREFORE, Plaintiff, WOODROW EDWARDS demands judgment against the Defendant Will County, for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs.

## COUNT XII

### (WILL COUNTY/SECTION 1983-ACTION)

1-11. Plaintiff WOODROW EDWARDS realleges and incorporates herein by reference

paragraph 1-11 of Count X as paragraph 1-11 of this Count XII.

12. That at all times relevant, the Defendant Will County was a "person" within the meaning of 42 U.S.C. Section 1983.

13. That, at all times relevant, the Defendant Will County was acting under color of law while operating the said WCADF, including the provision or failure to provide medical/dietary care to the Plaintiff, WOODROW EDWARDS.

14. That notwithstanding its aforesaid duty, the Defendant Will County was then and their guilty of one or more of the following acts and/or omissions exhibiting an intentional and deliberate indifference to the safety of Plaintiff WOODROW EDWARDS:

    a) failed to properly monitor Plaintiff's condition of HTN although it knew that Plaintiff was likely to suffer Renal Insufficiency/ Failure by reason thereof;

21

     b)    improperly medicated Plaintiff's condition of HTN although it

knew that Plaintiff was likely to suffer Renal Insufficiency/

Failure by reason thereof;

     c)    failed to timely order lab/blood tests for Plaintiff to monitor

Plaintiff's HTN although it knew that Plaintiff was likely to suffer

Renal Insufficiency/Failure by reason thereof;

     d)    failed to do, or cause to be done, any lab/blood tests for Plaintiff

regarding his condition of HTN although it knew that Plaintiff

was likely to suffer Renal Insufficiency/Failure by reason thereof;

     e)    failed to order a diet for Plaintiff which was required for his

condition of HTN although it knew that Plaintiff was likely

to suffer Renal Insufficiency/Failure by reason thereof;

     f)    failed to provide, or cause to be provided, to Plaintiff a diet

as required for his condition of HTN although it knew that

Plaintiff was likely to suffer Renal Insufficiency/Failure by

reason thereof;

     g)    did otherwise exhibit an intentional/deliberate indifference

to, and/or conscious disregard of, Plaintiff's safety in its

management of Plaintiff's condition of HTN

15.    That, at all times relevant, by reason of his detention at WCADF, Plaintiff was wholly unable to secure on his own behalf the indicated diet and lab/blood tests which were necessary to address/control his condition of HTN.

16.    That, by reason of the aforesaid, and as a direct and proximate result thereof, the Plaintiff, WOODROW EDWARDS suffered Renal Failure on or about 7/2-5/07, which does and will in the future affect Plaintiff's overall condition of health.

17.    At all times relevant, the said Defendant did in the respects alleged above violate

22

Plaintiff's rights under the Fourteenth and Eighth amendments to the U.S. constitution.

WHEREFORE, Plaintiff, WOODROW EDWARDS demands judgment against the Defendant Will County, for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs.

Respectfully submitted,

THE LAW OFFICES OF
PARENTE & NOREM, P.C.

By: _____
Timothy Quinn

THE LAW OFFICES OF
PARENTE & NOREM, P.C.
221 NORTH LASALLE STREET-27TH FLOOR
CHICAGO, ILLINOIS 60601
(312)641-5926/ATTORNEY NO.: 31556

THE LAW OFFICE OF JEFF TOMZCAK
TWO RIALTO SQUARE BUILDING
116 NORTH CHICAGO STREET
SUITE 500
JOLIET, ILLINOIS  60432
(815)723-4400

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

WOODROW EDWARDS,                              )
                                             )
  Plaintiff,                              )
                                             )
vs.                                          )
                                             )
KUL B. SOOD, M.D.; CORRECT CARE              )
SOLUTIONS, LLC, A FOREIGN                    )
CORPORATION; OFFICE OF THE                   )
SHERIFF OF WILL COUNTY, ILLINOIS;            )
PAUL J. KAUPAS, AS SHERIFF OF WILL           )
COUNTY, ILLINOIS; VARIOUS JOHN/JANE          )
DOES; AND WILL COUNTY, A BODY                )
POLITIC.                                     )
                                             )
  Defendants.                            )

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

I, TIMOTHY D. QUINN, being first duly sworn on my oath, state:
1.  I am the Plaintiff's attorney in the above entitled suit.
2.  The total of money damages sought in this civil action does exceed $50,000.00.
FURTHER AFFIANT SAYETH NOT.

_____
TIMOTHY D. QUINN

### 1-109 CERTIFICATION

Under the penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned, certifies that the statements set forth in this instrument are true and correct, except as to matter therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
TIMOTHY D. QUINN

THE LAW OFFICES OF
PARENTE & NOREM, P.C.
221 NORTH LASALLE STREET - SUITE 2700
CHICAGO, ILLINOIS 60601
(312)641-5926
ATTORNEY NO.: 31556

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

WOODROW EDWARDS,                              )
                                             )
   Plaintiff,                              )
                                             )
vs.                                          )
                                             )
KUL B. SOOD, M.D.; CORRECT CARE              )
SOLUTIONS, LLC, A FOREIGN                    )
CORPORATION; OFFICE OF THE                   )
SHERIFF OF WILL COUNTY, ILLINOIS;            )
PAUL J. KAUPAS, AS SHERIFF OF WILL           )
COUNTY, ILLINOIS; VARIOUS JOHN/JANE          )
DOES; AND WILL COUNTY, A BODY                )
POLITIC,                                     )
                                             )
   Defendants.                             )

## AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622(a)(2)

TIMOTHY D. QUINN, attorney for Plaintiff being first duly sworn on my oath, state:

1.    I am the attorney for Plaintiff, WOODROW EDWARDS.

2.    Plaintiff has not previously voluntarily dismissed an action based on the same or substantially the same acts/omissions/occurrences as are alleged in the attached Complaint At Law.

3.    Your affiant was unable to obtain a consultation as required by 735 ILCS 5/2-622(a)(1) because a statute of limitation would impair the action and the consultation required could not be obtained and completed before the expiration of the statute of limitation.

FURTHER AFFIANT SAYETH NOT.

_____
Timothy D. Quinn

SUBSCRIBED AND SWORN TO
before me this _____ day of

OFFICIAL SEAL
CINDY Y COSEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/10/11

_____, 2008.


_____

NOTARY PUBLIC


THE LAW OFFICES OF
PARENTE & NOREM, P.C.
221 NORTH LASALLE STREET - SUITE 2700
CHICAGO, ILLINOIS 60601
(312)641-5926
ATTORNEY NO.: 31556


THE LAW OFFICE OF JEFF TOMZCAK
TWO RIALTO SQUARE BUILDING
116 NORTH CHICAGO STREET
SUITE 500
JOLIET, ILLINOIS   60432\
(815)723-4400

THE LAW OFFICE OF JEFF TOMZCAK
TWO RIALTO SQUARE BUILDING
116 NORTH CHICAGO STREET
SUITE 500
JOLIET. ILLINOIS   60432\
(815)723-4400

STATE OF ILLINOIS)
                 )SS
COUNTY OF WILL )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

WOODROW EDWARDS

## 08 L    234

VS

CASE NO:_____

KUL B. SOOD, M.D., et al.

## SUMMONS

To each defendant:  Defendants Office of the Sheriff of Will County
/Sheriff Paul J. Kaupas
14 West Jefferson
Joliet, IL  60432

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court located in the Will County Courthouse _____ Building, Room 212 ,

14 West Jefferson Street   Joliet, Illinois 60432 _____ , Illinois within 30 days after service

(Address)            (City)                                                              of this summons, not

counting the day of service.  IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned to endorsed.

This summons may not be served later than 30 days after its date.

**MAR 2 4 2008**

WITNESS:_____ , 20 08

PAMELA J McGUIRE

(Seal of Court)

PAMELA J. McGUIRE
Clerk of the Circuit Court

BY:_____
                              (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
NAME: The Law Office of Parente & Norem, P.C.
ARDC#_____
Attorney for: Plaintiff(s)
Address: 221 North LaSalle Street
City: Chicago, Il 60601
Telephone: (312) 641-5926

WCCH        04042008

04/04/08 WCCH

CASE NUMBER. 9IL 2008-L -000234    002    WILL COUNTY SHERIFF'S OFFICE
================================    ========== ATTORNEY ==============

PARENTE & NOREM
221 NORTH LASALLE STREET
CHICAGO, IL

WOODROW EDWARDS
-VS-
KUL B. SOOD, M.D., ET AL.

PAID APR 01 2007

============ DESCRIPTION ============    ========= ATTEMPTED SERVICES ========
                                          DATE          TIME        BADGE #
SUMMONS & COMPLAINT

ISSUED:  4/ 1/08    EXPIRES:  4/24/08
FEES:    40.00      EVC/DEP:

======== PERSON TO BE SERVED =========

SHERIFF PAUL J. KAUPAS              NOTES:
14 W. JEFFERSON STREET             OFFICE OF THE SHERIFF
JOLIET, IL

=====================================================================

I CERTIFY THAT I HAVE SERVED THE ATTACHED PROCESS ON THE DEFENDANT AS FOLLOWS:

(A) __X__  PERSONAL SERVICE: BY LEAVING A COPY OF THE __X__ SUMM/COMP ____ CITATION
           ____ RULE ____ ORDER ____ SUBPEONA ____ NOTICE ____ JUDGEMENT
           ____ SUMMONS/PETITION FOR ORDER OF PROTECTION ____ ORDER OF PROTECTION.
           ____ CIVIL NO-CONTACT ORDER.

(B) ____   SUBSTITUTE SERVICE: BY LEAVING A COPY OF THE ____ SUMM/COMP ____ CITATION
           ____ NOTICE ____ JUDGEMENT ____ ORDER OF POSSESSION AT THE USUAL PLACE OF
           ABODE WITH SOME PERSON OF THE FAMILY 13 YEARS OR OLDER AND INFORMING
           SAID PERSON OF THE CONTENTS.  ALSO, A COPY OF THE WRIT WAS MAILED TO
           THE DEFENDANT AT HIS/HER USUAL PLACE OF ABODE ON _____ .(date)

(C) ____   SERVICE ON: ____ CORPORATION ____ COMPANY ____ BUSINESS  by leaving a
           COPY OF THE ____ SUMM/COMP ____ CITATION ____ RULE ____ ORDER ____ NOTICE
           ____ JUDGEMENT ____ SUBPOENA WITH THE REGISTERED AGENT, AUTHORIZED PERSON
           OR PARTNER OF THE DEFENDANT.

(D) ____   OTHER SERVICE: ____ CERTIFIED MAIL ____ POSTING

(E) ____   THE NAMED DEFENDANT WAS NOT SERVED:
           ____ MOVED ____ NOT LISTED ____ RETURNED BY ATTY. ____ EXPIRED
           ____ NO CONTACT ____ NO SUCH ADDRESS ____ DECEASED ____ OTHER REASON

PERSON TO BE SERVED: _____

SERVING ADDRESS: _____ 14  W. Jefferson St. Room 103 _____

WRIT SERVED ON: Paul J. Kaupas _____  RELATIONSHIP: Self ____
               SEX ____ (M/F)  RACE W  DOB 58

THIS  2  DAY OF  April  20 08  TIME  0840  HOURS

PAUL J. KAUPAS, SHERIFF, BY  _James King_  DEPUTY # 392

REMARKS: _____

MAG80921434

WCCH        04042008

STATE OF ILLINOIS)
                 )SS
COUNTY OF WILL )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

## 08 L 234

**WOODROW EDWARDS**

VS                                    CASE NO: _____

**KUL B. SOOD, M.D., et al.**

### SUMMONS

Defendant Will County
Nancy Shultz Voots,
To each defendant: or other authorized person, Office of the
Will County Clerk
302 North Chicago Street; Joliet, IL  60432

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court

located in the Will County Courthouse _____ Building, Room 212 ,

14 West Jefferson Street  Joliet, Illinois  60432 _____ , Illinois within 30 days after service

(Address)              (City)                                    of this summons, not

counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned to endorsed.

This summons may not be served later than 30 days after its date.

MAR 2 4 2008

WITNESS: _____ , 20 08

(Seal of Court)

_____
PAMELA J. McGUIRE
Clerk of the Circuit Court

BY: _____
                    (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
NAME: The Law Office of Parente & Norem. P.C.
ARDC#_____
Attorney for: Plaintiff(s)
Address: 221 North LaSalle Street
City: Chicago, Il 60601
Telephone: (312) 641-5926

04/09/08 WCCH

CASE NUMBER. 9IL 2008-L -000234    003    WILL COUNTY SHERIFF'S OFFICE
-------------------------------------------------    ATTORNEY ==============

WOODROW EDWARDS                          PARENTE & NOREM
        -VS-                             221 NORTH LASALLE STREET
KUL B. SOOD, M.D., ET AL.                CHICAGO, IL

APR 0 1 2007

========== DESCRIPTION ============= ======== ATTEMPTED SERVICES =======
                                        DATE        TIME      BADGE #
SUMMONS & COMPLAINT

ISSUED:  4/ 1/08    EXPIRES:  4/24/08    ____   ____   ____
FEES:    40.00      EVC/DEP:             ____   ____   ____

======= PERSON TO BE SERVED =========

NANCY SHULTZ VOOTS                    NOTES:
302 NORTH CHICAGO STREET              OR OTHER AUTHORIZED PERSON, OFFICE
JOLIET, IL                            OF THE WILL COUNTY CLERK

==================================================================

I CERTIFY THAT I HAVE SERVED THE ATTACHED PROCESS ON THE DEFENDANT AS FOLLOWS:

(A) ____ PERSONAL SERVICE: BY LEAVING A COPY OF THE ____ SUMM/COMP ____ CITATION
         ____ RULE ____ ORDER ____ SUBPEONA ____ NOTICE ____ JUDGEMENT
         ____ SUMMONS/PETITION FOR ORDER OF PROTECTION ____ ORDER OF PROTECTION.
         ____ CIVIL NO-CONTACT ORDER.

(B) ____ SUBSTITUTE SERVICE: BY LEAVING A COPY OF THE ____ SUMM/COMP ____ CITATION
         ____ NOTICE ____ JUDGEMENT ____ ORDER OF POSSESSION AT THE USUAL PLACE OF
         ABODE WITH SOME PERSON OF THE FAMILY 13 YEARS OR OLDER AND INFORMING
         SAID PERSON OF THE CONTENTS.  ALSO, A COPY OF THE WRIT WAS MAILED TO
         THE DEFENDANT AT HIS/HER USUAL PLACE OF ABODE ON _____.(date)

(C) ✓ SERVICE ON: ____ CORPORATION ____ COMPANY ____ BUSINESS  by leaving a
         COPY OF THE ✓ SUMM/COMP ____ CITATION ____ RULE ____ ORDER ____ NOTICE
         ____ JUDGEMENT ____ SUBPOENA WITH THE REGISTERED AGENT, AUTHORIZED PERSON
         OR PARTNER OF THE DEFENDANT.

(D) ____ OTHER SERVICE: ____ CERTIFIED MAIL ____ POSTING

(E) ____ THE NAMED DEFENDANT WAS NOT SERVED:
         ____ MOVED ____ NOT LISTED ____ RETURNED BY ATTY. ____ EXPIRED
         ____ NO CONTACT ____ NO SUCH ADDRESS ____ DECEASED ____ OTHER REASON

PERSON TO BE SERVED: Nancy Shultz Voots

SERVING ADDRESS: 302 N Chicago St Joliet

WRIT SERVED ON: Maria Martinez    RELATIONSHIP: Dep Clerk
        SEX F (M/F)  RACE L  DOB 32

THIS 2 DAY OF April  20 08  TIME 1122 HOURS

PAUL J. KAUPAS, SHERIFF, BY _____ DEPUTY # 1130

REMARKS: _____

MAG80921435

WCCH        04092008

50645

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WOODROW EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) No. FILED: APRIL 30, 2008 |
| | )     08CV2478 NF |
| KUL B. SOOD, M.D.; CORRECT CARE | ) Judge: JUDGE PALLMEYER |
| SOLUTIONS, LLC. A FOREIGN | )     MAGISTRATE JUDGE VALDEZ |
| CORPORATION; OFFICE OF THE | ) Magistrate: |
| SHERIFF OF WILL COUNTY, ILLINOIS; | ) |
| PAUL J. KAUPAS, AS SHERIFF OF WILL | ) |
| COUNTY, ILLINOIS; VARIOUS SHERIFF'S | ) |
| DEPUTIES/PERSONNEL presently known | ) |
| only as JOHN/JANE DOES; and WILL | ) |
| COUNTY, A BODY POLITIC, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF FILING**

TO:    Law Offices of Parente & Norem, P.C.        Law Office of Jeff Tomzcak
       221 N. LaSalle St., #2700                   Two Rialto Square Building
       Chicago, IL 60601                           116 N. Chicago St., #500
                                                    Joliet, IL 60432

PLEASE TAKE NOTICE THAT on April 30, 2008, we shall file electronically with the

Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, DEFENDANTS'

NOTICE OF REMOVAL.

                        Defendants, PAUL J. KAUPAS
                        SHERIFF OF WILL COUNTY and WILL COUNTY
                  By:   s/Dominick L. Lanzito
                        Dominick L. Lanzito
                        Querrey & Harrow, Ltd.
                        175 West Jackson Blvd., Suite 1600
                        Chicago, IL  60604-2827
                        (312) 540-7000
                        I.D. #6277856
                        dlanzito@querrey.com

## PROOF OF SERVICE

I, Dominick L. Lanzito, depose and state that I served this Notice, together with the documents herein referred via U.S Mail to all counsel of record at their respective addresses by depositing the same in the U.S. mail at 175 West Jackson Boulevard, Chicago, Illinois, at or prior to the hour of 5:00 p.m. on <u>April 30</u>, 2008, with proper postage prepaid.

[x]     Under penalties as provided by law pursuant
        to ILL. REV. STAT CHAP. 110, SEC. 1-109,
        I certify that the statements set forth herein
        are true and correct.

                            s/Dominick L. Lanzito

Daniel F. Gallagher
Paul O'Grady
David Flynn
Dominick L. Lanzito
QUERREY & HARROW, LTD.
175 W. Jackson Blvd., #1600
Chicago, IL 60604
Telephone:     312/540-7000

Document #: 1324030